BEN J. GALANTE (SBN 231394)
ben@galantelawinc.com
GALANTE LAW, INC.
2181 E. Foothill Blvd., Suite 101
Pasadena, CA 91107
Tel. (213) 785-1900

*Attorneys for Plaintiff*, MASAI PARKER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASAI PARKER,<br><br>    Plaintiff,<br><br> v.<br><br>CHILD ABUSE PREVENTION COUNCIL OF CONTRA COSTA COUNTY, CONTRA COSTA COUNTY, and DOES 1 through 10, inclusive;<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>1. MONELL POLICY VIOLATION OF 28 U.S.C. § 1983<br>2. VIOLATION OF LABOR CODE § 432.7<br>3. RACE/COLOR DISCRIMINATION IN VIOLATION OF GOV'T CODE § 12940(a)<br>4. WRONGFUL TERMINATION<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Masai Parker hereby alleges:

## PRELIMINARY FACTS

1.  Plaintiff Masai Parker ("Parker" or "Plaintiff") is, and at all relevant times mentioned herein was, an individual residing in Contra Costa County, California.

2.  Defendant Child Abuse Prevention Council of Contra Costa County ("CAPC") is, and at all relevant times mentioned herein was, a California corporation based in the City of Concord, California, County of Contra Costa.

3. Defendant Contra Costa County ("the County") is, and at all relevant times mentioned herein was, a public entity duly organized and existing as such under California law.

4. Plaintiff is ignorant of the true names and capacities of the Defendants sued as DOES 1 through 10, inclusive, and therefore sues said defendants by those fictitious names. Plaintiff will seek leave of court to amend this Complaint to allege their true names and capacities when they have been ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the unlawful actions, policies and practices alleged in this Complaint.

5. Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned herein, Defendants, and each of them, were the agents, servants, employees, partners, joint-venturers, joint-employers or co-conspirators of each other defendant, and that each defendant was acting within the course, scope and authority of such agency, employment, partnership, joint venture or conspiracy, and that each defendant, directly or indirectly, authorized, ratified and approved the acts of the remaining defendants, and each of them.

6. Plaintiff alleges a cause of action for color and race-based discrimination in violation of the Fourteenth Amendment's Equal Protection Clause, cognizable under 42 U.S.C. § 1983. The jurisdiction of this Court is based on federal question jurisdiction, 28 U.S.C. § 1331.

7. The adverse employment actions, events, and/or omissions that give rise to Plaintiffs' claims occurred in Contra Costa County. Venue is proper according to 28 U.S.C. § 1391.

8. Plaintiff filed a timely charge of discrimination with the California Civil Rights Department ("CRD"). The CRD issued Plaintiff a Right-to-Sue letter. A true and correct copy of Plaintiff's Right-to-Sue letter is attached hereto as Exhibit 1.

**GENERAL ALLEGATIONS**

9. Parker, a Black male, began working for CAPC as a Youth Partner on or about November 10, 2022.

10. CAPC works with and at the direction of the County.

11. Plaintiff is informed and believes that the County functioned as a joint-employer of Parker by, among other things, controlling the terms and conditions of Parker's employment, having the power to fire Parker, and exhibiting economic control over CAPC and Parker.

12. Parker performed his job duties ably and competently.

13. On or about April 14, 2024, Parker's ex-girlfriend called the police and made false allegations against Parker after Parker directed her to leave his residence.

14. On or about April 14, 2024, Parker was arrested at his residence.

15. Parker was released shortly after his arrest.

16. No charges were ever filed against Parker following the arrest, and Parker was never convicted of any crime.

17. The County has a widespread and long-standing practice, custom and/or policy of not employing or working with anyone who has been arrested, regardless of conviction. This practice, custom, and/or policy has an adverse impact on individuals of color (including Parker who is Black), as persons of color are disproportionately arrested relative to the population, and is therefore discriminatory.

18. The County became aware that Parker had been arrested.

19. The County informed CAPC that Parker had been arrested and that the County would no longer work with Parker, effectively ordering Parker's termination.

20. CAPC failed to take any meaningful action to oppose the County's illegal policy of not employing or working with anyone who had been arrested, regardless of conviction, or the County's decision not to work with Parker as a result of Parker's arrest.

21. On or about Friday, June 14, 2024, CAPC management pulled Parker into a meeting. During this meeting, management told Parker they were aware of his arrest; said that if Parker wanted to keep his job, he needed to explain what happened; and, demanded that Parker provide all documents related to his arrest by Monday, June 17, 2024.

22. Parker explained to management that he had committed no wrong and, the very same day, provided them with a status statement from the Court indicating that no complaint or

citation had been filed against him. Parker also provided management with a statement from his roommate about the incident.

23. Regardless, on Monday, June 17, 2024, CAPC fired Parker as a result of his arrest.

24. The acts and omissions alleged herein were made by, authorized by, and ratified by officers, directors and managing agents of CAPC and/or a result of unlawful corporate policies.

**FIRST CAUSE OF ACTION**
MONELL POLICY VIOLATION OF 42 U.S.C. § 1983
(Against Contra Costa County)

25. Plaintiffs re-allege and incorporate by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

26. The discriminatory practice, custom, and/or policy of the County to refuse to work with anyone who has been arrested, regardless of conviction - and its associated actions of disclosing Parker's arrest to CAPC and ordering his termination - deprived Plaintiff of his right under the United States Constitution to be free of race and color discrimination. Said conduct violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; and 42 U.S.C. 1983 entitles Plaintiff to a remedy against the County.

27. As a direct and proximate result of the County's policies and associated actions, Plaintiff was terminated from employment and harmed; he has been humiliated, suffered emotional pain and distress, mental anguish, loss of enjoyment of life and has suffered economic damages.

28. Plaintiffs seek compensatory damages from the County in an amount to be proven at trial. Pursuant to 42 U.S.C. § 1988, Plaintiff seeks an award of attorney's fees and costs.

**FIRST CAUSE OF ACTION**
VIOLATION OF LABOR CODE §432.7
(Against all Defendants)

29. Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

30. Pursuant to Labor Code §432.7, "[a]n employer … shall not seek from any source whatsoever, or utilize, as a factor in determining any condition of employment including hiring, promotion, termination, … any record of arrest or detention that did not result in conviction…"

31. CAPC unlawfully demanded that Parker provide it with records pertaining to his arrest.

32. The County unlawfully ordered Parker's termination stemming from Parker's arrest.

33. CAPC unlawfully fired Parker as a result of his arrest, despite the fact that Parker was never charged with or convicted of a crime.

34. As a direct and proximate result, Plaintiff suffered emotional pain and distress, mental anguish, loss of enjoyment of life and economic damages.

35. Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum. Plaintiff seeks treble damages and reasonable attorneys' fees and costs pursuant to Labor Code §432.7(c). Pursuant to Civil Code § 3294, Plaintiff also seeks punitive damages against Defendant CAPC for conduct that was oppressive, malicious and in reckless disregard of Plaintiff's rights.

**SECOND CAUSE OF ACTION**
RACE AND COLOR DISCRIMINATION IN VIOLATION OF GOV'T CODE § 12940(a)
(Against all Defendants)

36. Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

37. Despite the fact that Parker was never even charged with a crime, let alone convicted, Defendants assumed Parker was guilty, came to false conclusions regarding Parker's

character, and terminated Parker's employment. Defendants' conduct in this regard was based substantially on Parker's race and color.

38. Defendants took adverse employment actions against Plaintiff including, but not limited to, terminating Plaintiff's employment substantially as a result of Plaintiff's race and color.

39. As a direct and proximate result, Plaintiff suffered emotional pain and distress, mental anguish, loss of enjoyment of life and economic damages.

40. Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum. Plaintiff seeks reasonable attorneys' fees pursuant to Gov't Code § 12965(c)(6). Pursuant to Civil Code § 3294, Plaintiff seeks punitive damages against Defendant CAPC for conduct that was oppressive, malicious and in reckless disregard of Plaintiff's rights.

### THIRD CAUSE OF ACTION
WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
(Against CAPC)

41. Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

42. Defendants employed Plaintiff. Defendants terminated Plaintiff's employment substantially because he is Black and was arrested, even though his arrest never resulted in any charges or conviction. Defendant's termination of Plaintiff's employment violated the public policies set forth in California's Labor Code § 432.7 and Government Code § 12940(a).

43. As a direct and proximate result, Plaintiff suffered emotional pain and distress, mental anguish, loss of enjoyment of life and economic damages.

44. Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum. Pursuant to Civil Code § 3294, Plaintiff seeks punitive damages against Defendants for conduct that was oppressive, malicious and in reckless disregard of Plaintiff's rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages, in an amount to be proven at trial.
2. For punitive damages against Defendant CAPC, in an amount to be proven at trial.
3. For statutory damages.
3. For statutory attorneys' fees and costs.
4. For declaratory relief.
5. For injunctive relief.
6. Any other relief or damages allowed by law, or statutes not set out above and such further relief as the Court deems just and proper at conclusion of trial.

**DEMAND FOR JURY TRIAL**

Plaintiff Masai Parker hereby demands a trial by jury in this action.

Dated: September 8, 2025            GALANTE LAW, INC.

By _____
BEN GALANTE
*Attorneys for Plaintiff*, MASAI PARKER

**EXHIBIT 1**

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                          GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**                                                                     KEVIN KISH, DIRECTOR

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

May 30, 2025

Masai Parker

,

RE: **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202505-29640630
Right to Sue: Parker / Child Abuse Prevention Council of Contra Costa County

Dear Masai Parker:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective May 30, 2025 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

CRD - ENF 80 RS (Revised 2025/02)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                         GAVIN NEWSOM, GOVERNOR
                                                                                              KEVIN KISH, DIRECTOR

**Civil Rights Department**

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
Civil Rights Department
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Masai Parker                                                             CRD No. 202505-29640630

                          Complainant,

vs.

Child Abuse Prevention Council of Contra Costa County
,

Contra Costa County
,

                          Respondents

**1.** Respondent **Child Abuse Prevention Council of Contra Costa County** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**.Complainant is naming **Contra Costa County** business as Co-Respondent(s).

**3**. Complainant **Masai Parker**, resides in the City of **,** State of **.**

**4**. Complainant alleges that on or about **September 8, 2025**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's color, race (includes hairstyle and hair texture) and as a result of the discrimination was terminated, forced to quit, reprimanded, asked impermissible non-job-related questions, other, denied work opportunities or assignments.

**Additional Complaint Details:** Masai Parker, a Black / African-American male, was employed by Child Abuse Prevention Council of Contra Costa County (CAPC).  Contra Costa County (County) functioned as a joint-employer of Parker.  The County has a racist practice, custom, and/or policy of refusing to employ anyone who has been arrested, regardless of conviction.  The County learned that Parker had been arrested and, as a result

-1-
*Complaint – CRD No. 202505-29640630*

Date Filed: May 30, 2025
Date Amended: September 8, 2025

CRD-ENF 80 RS (Revised 2025/02)

1  of its racist practice, custom, and/or policy, ordered Parker's termination even though Parker
2  was never charged or convicted.  CAPC illegally demanded information from Parker about his arrest, made judgments about him, and terminated his employment substantially
3  because he is Black / African-American.  CAPC went along with the racist practice, custom, and/or policy of the County, and fired Parker.

-2-
*Complaint – CRD No. 202505-29640630*

Date Filed: May 30, 2025
Date Amended: September 8, 2025

CRD-ENF 80 RS (Revised 2025/02)

1  VERIFICATION

2  I, **Ben Galante**, am the **Attorney** in the above-entitled complaint.  I have read the
3  foregoing complaint and know the contents thereof. The matters alleged are based on
   information and belief, which I believe to be true. The matters alleged are based on
4  information and belief, which I believe to be true.

5  On September 8, 2025, I declare under penalty of perjury under the laws of the State
   of California that the foregoing is true and correct.
6

7                                                                                **Pasadena CA**

-3-
*Complaint – CRD No. 202505-29640630*

Date Filed: May 30, 2025
Date Amended: September 8, 2025

CRD-ENF 80 RS (Revised 2025/02)